## RIGHTS AS BETWEEN MATERIAL MAN AND CONTRACTOR.

Circuit Court of Cuyahoga County.

E. A. THOMPSON V. JAMES ROSENBERG ET AL.

Decided, June 14, 1909.

*Mechanic's Liens—Material-Man May Rely on Ostensible Price to be Paid Contractor.*

Where a material-man who has furnished material to a contractor, relying upon the ostensible price the contractor is to receive, has perfected his lien under Section 3201, Revised Statutes, he is entitled to payment as against the grantee of the original owner, who upon default of the contractor, has furnished money necessary to complete the buildings to an amount in excess of the actual price but less than the ostensible price the contractor was to receive.

*H. F. Parks* and *Howland & Niman,* for plaintiff.

*H. A. Kangesser, John D. Fackler, Frank Higley, Myler & Turney, W. D. Meals* and *Max E. Katz,* contra.

HENRY, J.; WINCH, J., and MARVIN, J., concur.

This action was commenced by E. A. Thompson, doing business as the Independent Lumber Company, plaintiff, v. James Rosenberg and A. B. Katz, defendants, to establish a mechanic's lien based upon an attested account against two residence lots; to the erection of houses thereon the items of lumber in said account were devoted. A money judgment against the defendant Rosenberg, as for money had and received, is also prayed.

Rosenberg was the owner of the real estate in question on November 10, 1906, at which date he entered into a contract with Pickel and Schmulowitz, building contractors, for the erection of the two dwellings aforesaid, for the sum of $5,500 ostensibly, but really $4,500 according to plans and specifications furnished by J. B. Eberling, architect.

Before the first estimate became payable on this contract price, plaintiff had delivered lumber to said contractors on said premises to the amount of $969.29, no part of which had been paid; and on March 5, 1907, the plaintiff filed with the defendant Rosenberg an itemized and verified statement of account. March 8, 1907, an affidavit and itemized statement was filed with the county recorder for a lien under Section 3201, Revised Statutes.

Meanwhile, however, Rosenberger had a difference with the contractors which resulted in their stopping work January 18, 1907, after work of the estimated value of $1,195 had been completed, though some of it was afterwards done over on account of defective construction. Thereupon the defendant Katz advanced money from time to time, between February 1 and October 20, 1907, amounting to $5,739.86, by means of which the buildings were completed. Katz thereupon took a conveyance of the property from Rosenberg, and the real controversy is between him and the plaintiff. Eighteen hundred and five dollars and thirty-three cents of this amount was advanced to Rosenberg, who though claiming that he paid $300 additional out of his own pocket, in fact accounts in detail for only $1,790.23 as paid out by him for construction of the houses. There is still owing for plumbing $145 and furnace $140. Plaintiff claims some $40 additional which may be allowed without affecting the result, besides the $3,934.53 which he admittedly paid out, otherwise than through Rosenberg, in connection with the property.

$1,139.35 thus paid out is, however, conceded not to have been paid for construction of the buildings; and the sum of $475 paid to lift pending or impending liens of employees of Pickel and Schmulowitz, must also be disallowed in so far as it swells the construction account beyond $4,500, which was the original contract price really agreed to between the party Rosenberg and these building contractors.

An ostensible price of $5,500 was, however, as already mentioned, named in the written contract between the parties apparently for the purpose of deceiving the bank from which the money was to be borrowed to finance the construction. This device deceived the plaintiff also, and must therefore be taken to be the real contract price so far as he is concerned. There is thus enough of the ostensible contract price remaining in the owner's hands to pay plaintiff's claim of $969.29 in full.

The Lakeview Land & Improvement Company, one of the defendants herewith, sets up a purchase money mortgage of $1,685 given by defendant Rosenberg November 12, 1906, and filed for record November 16, 1906. Another defendant, the Woodland Avenue Savings & Trust Company, sets up a mortgage for $4,500 given by Rosenberg to Katz, and by Katz transferred to it. This mortgage was filed for record February 2, 1907, but priority is claimed for it over the previous mortgage by virtue of a waiver signed by the Lakeview Land & Improvement Company. The latter company appears to have waived the priority of its mortgage upon condition that two houses should be erected upon the premises before June 1, 1907, at a cost and value of at least $2,500 each. But the pleadings do not properly raise this issue, presumably because the conditions of the waiver can not be shown to have been complied with. The marshaling of the other liens involves no dispute.

Plaintiff may take decree.